UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


RICHARD HOPKINS,

       Plaintiff,                                           Hon. Paul L. Maloney

v.                                                                    Case No. 1:22-cv-1231

CORRECT CARE SOLUTIONS, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Richard Hopkins filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 on December 27, 2022, while detained in the Berrien County Jail. Plaintiff sued Correct Care Solutions and two medical providers, Dr. Oscar Jerkins and Nurse Practitioner Mary M. Coyle, alleging claims based on events that occurred while he was detained at the Berrien County Jail. Following initial review, the Court allowed Plaintiff's Fourteenth Amendment and state-law claims against Defendants Jerkins and Coyle to proceed. (ECF Nos. 6 and 7.)

On September 8, 2023, Defendants filed a Suggestion of Death, which noted that Plaintiff had passed away on September 4, 2023. (ECF Nos. 20 and 20-1.) On September 12, 2023, I entered an Order pursuant to Federal Rule of Civil Procedure 25(a), directing Defendants' counsel to undertake a good faith effort to identify Plaintiff's successor(s) or representative(s), and if so identified, serve him or her in accordance with Rule 4. I further directed defense counsel to file an affidavit setting forth the efforts undertaken to identify and serve the suggestion of death upon Plaintiff's successor(s) or representative(s) and indicating whether those efforts had been successful. (ECF No. 21.)

On October 12, 2023, defense counsel filed an affidavit setting forth his efforts to identify Plaintiff's successor(s) or representative(s). Counsel stated that he spoke to Plaintiff's criminal defense attorney, Daniel Grow, who identified Plaintiff's sister, Linda Hopkins, as Plaintiff's next of kin. In addition, counsel stated that on September 20, 2023, he discovered another potential successor or representative, Plaintiff's brother, John Hopkins. On September 21, 2023, defense counsel sent letters by certified mail to Linda Hopkins and John Hopkins notifying them of their right to file a motion to substitute in as Plaintiff in this action within 90 days. On October 10, 2023, defense counsel received the Green Card PS Form 3811 signed by John Hopkins, but had not received any notification from Linda Hopkins. That same day, defense counsel spoke with attorney Grow, who indicated that Plaintiff's family did not wish to pursue this action on behalf of Plaintiff's estate. (ECF No. 23 at PageID.85.) Upon receipt of the affidavit, I directed defense counsel to file a supplemental affidavit by December 20, 2023 (the conclusion of the 90-day period) setting forth any further information that counsel might have received during that time. (ECF No. 24.) On December 20, 2023, defense counsel filed a supplemental affidavit stating that he had no new information to report. (ECF No. 25.)

Based on the foregoing, I conclude that defense counsel has undertaken a good faith effort to identify and serve Plaintiff's successor(s) or representative(s) with notice of their right to substitute into this action as Plaintiff as provided under Rule 25(a). Because the 90-day period has expired and no person has moved for substitution, despite adequate notice, I recommend that the Court dismiss this action with prejudice. *See Walker v. Management & Training Corp.*, No. 3:17CV1826, 2018 WL 3374089, at *1 (N.D. Ohio July 9, 2018) (dismissing action with prejudice pursuant to Rule 25(a) (citing *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1093–95 (9th

2

Cir. 2017) (noting that district courts have discretion to dismiss the action with or without prejudice))).

Dated: December 27, 2023                          /s/ Sally J. Berens
                                                 SALLY J. BERENS
                                                 U.S. Magistrate Judge

## NOTICE TO PARTIES

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).